David Stanley DAVIS, Petitioner—Appellant,

v.

James G. COX; Howard Skolnik, Respondents—Appellees.

No. 06–15402.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.[*]

Filed Oct. 23, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John C. Lambrose, Esq., Linda Marie Bell, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Linda Marie Bell, Esq., FPDNV–Federal Public Defender's Office, Thom Gover, Conrad Hafen, Esq., AGNV–Office of the Nevada Attorney General, Las Vegas, NV, Linda Marie Bell, Esq., Conrad Hafen, Esq., for Respondents–Appellees.

Before: ROTH,** THOMAS, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Nevada state prisoner David Stanley Davis appeals the district court's order denying his petition for habeas corpus. We affirm. Because the parties are familiar with the factual and procedural history, we will not recount it here.

** The Honorable Jane Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

I

The district court did not err in denying Davis's claim for habeas relief based on the state trial court's denial of his mistrial motion. Davis contends that the trial court should have granted his motion because the jury's verdict may have been influenced by sympathy for the ailing Mrs. Mecchi after the jury overheard her making a loud noise directly outside of the courtroom.

In order to be entitled to relief for constitutional errors, the error must have " 'had a substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *Kennedy v. Lockyer*, 379 F.3d 1041, 1054 (9th Cir.2004) (noting *Brecht* applies to post-AEDPA cases). When there is " 'a reasonable possibility that the extrinsic material could have affected the verdict,' " a defendant is entitled to a new trial. *United States v. Prime*, 431 F.3d 1147 (9th Cir.2005) (citations omitted).

■ The district court correctly concluded that Davis was not entitled to federal habeas relief on this claim. The sound Mrs. Mecchi made was cumulative of the testimony Davis's attorney elicited from Mr. Mecchi at trial, as he had imitated Mrs. Mecchi making the same noise. *See United States v. Prime*, 431 F.3d 1147, 1157–58 (9th Cir.2005) (holding that juror access to several exhibits that had not been admitted into evidence was not prejudicial, as they were cumulative of trial testimony); *Hughes v. Borg*, 898 F.2d 695, 700–01 (9th Cir.1990) (holding that juror

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

access to a police report not admitted into evidence did not prejudice the verdict when the information it contained duplicated trial testimony).

Additionally, there was no "direct and rational connection between the extrinsic material and a prejudicial jury conclusion." *United States v. Bagnariol,* 665 F.2d 877, 885 (9th Cir.1981). The fact of Mrs. Mecchi's illness and her tendency to make loud or "obnoxious" noises was, at most, only tangentially related to the issue of Davis's guilt or innocence.

## II

The district court also properly denied Davis's claim that his state trial attorney failed to provide effective assistance of counsel. Under the Antiterrorism and Effective Death Penalty Act of 1996, federal courts cannot grant a writ of habeas corpus challenging a state conviction on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

■ The Nevada Supreme Court held that due to the strength of the government's case, Davis failed to demonstrate prejudice under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given the overwhelming evidence of guilt the government presented at trial, the district court properly concluded

---

1. Although Davis briefed non-certified issues, we decline to expand the certificate of appealability in this case to include them.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

that the Nevada Supreme Court's determination was reasonable.

**AFFIRMED.**[1]

